**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                          :
NORMAN GOODMAN, CRAIG                     :
GOODMAN, JEFFREY GOODMAN and              :
IRWIN TARTUS,                             :
                                          :
                                          :        Civil Action No. 04-3869 (JAG)
          Plaintiffs,                     :
                                          :               **OPINION**
                                          :
          v.                              :
                                          :
SIMON GOODMAN, IRVING                     :
GOODMAN, GOODMAN BROS. STEEL              :
DRUM COMPANY, INC., DAVID                 :
GOODMAN, NORMAN GOLDBERG,                 :
TRI-STATE STEEL DRUM COMPANY,             :
INC., IVAN MORTMAN, GOODMAN               :
CONTAINERS, LLC, RECYCLE EAST,            :
INC., and JEFFREY BEY,                    :
                                          :
          Defendants.                     :
_____:

**GREENAWAY, JR., U.S.D.J.**

    This matter comes before the Court on the motion of Defendants David Goodman,

Norman Goldberg, Tri-State Steel Drum Company, Inc., Goodman Containers, LLC, Recycle

East, Inc. and Jeffrey Bey ("Moving Defendants") to dismiss the Complaint of Plaintiffs Norman

Goodman, Craig Goodman, Jeffrey Goodman and Irwin Tartus ("Plaintiffs").  For the following

reasons, the motion to dismiss is GRANTED.  Plaintiffs shall have twenty days from the entry of

this Opinion to file an amended pleading, in accordance with this Opinion.

*Background*

Plaintiffs Norman Goodman and Irwin Tartus were the original owners and operators of a business named National Drum and Barrel Corp. ("National Drum"). National Drum was sold in 1993 to Defendant Goodman Brothers Steel Drum Co., Inc. ("Goodman Brothers"). As part of the terms of the sale of National Drum, and apparently pursuant to a Promissory Note executed at the time of the sale, Goodman Brothers and/or its principals agreed to pay Norman Goodman and Irwin Tartus (the "National Drum Principals") the sum of $500,000.00. Under the terms of the Promissory Note, certain unspecified "Defendants" agreed to guarantee the payment of monies to the National Drum Principals by Goodman Brothers. Subsequently, Goodman Brothers' goodwill and assets were acquired by Defendant Tri-State Steel Drum Company, Inc. ("Tri-State"). Upon completion of the acquisition of Goodman Brothers' assets and goodwill, Tri-State was restructured to form Goodman Containers, LLC ("Goodman Containers"). In 2003, Defendant Recycle East, Inc. acquired Goodman Containers.

According to the Complaint, Goodman Brothers ceased making payments in fulfillment of its obligation to the National Drum Principals in 2002, leaving an unspecified balance. The Complaint alleges claims relating to the failure to continue payments, under theories of breach of contract, breach of the covenant of good faith and fair dealing, breach of fiduciary duty and unjust enrichment.

The Complaint also asserts ill-defined claims regarding liens on a "subject property" that is neither described nor identified anywhere in the Complaint. Plaintiffs appear to assert that after the National Drum Principals sold National Drum to Goodman Brothers, Defendants Goodman Brothers, Simon Goodman, Irving Goodman, and Ivan Mortman fraudulently

"incurred liens" on an unidentified "subject property."  The Complaint alleges that the National

Drum Principals incurred out-of-pocket losses in an attempt to clear the liens in order to proceed

with a sale of the unidentified "subject property."  The Complaint appears to allege claims of

misrepresentation and fraud in connection with the liens on the "subject property."

The Complaint further alleges that, pursuant to a similarly unidentified and unexplained

"2002 Purchase Agreement," unidentified "Defendants" employed plaintiffs Craig Goodman and

Jeffrey Goodman (the "Employee Plaintiffs") at an agreed-upon salary and terms and conditions

of employment.  The Complaint alleges that the unidentified Defendants failed to pay the

Employee Plaintiffs' salaries, failed to provide the Employee Plaintiffs with benefits, precluded

the Employee Plaintiffs from decision-making processes, and denied them access to records in

response to the Employee Plaintiffs' inquiries regarding accounting practices and alleged misuse

of funds.  The Complaint alleges that the unidentified "Defendants" constructively terminated the

Employee Plaintiffs.

The Complaint alleges that Defendants have violated multiple sections of the federal

Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961- 1968.  The

Complaint asserts that the Defendants "individually and collectively, were and are an enterprise

within the meaning of 18 U.S.C. [§] 1961 (4)."  (Compl. ¶ 77.)  The Complaint alleges that the

Defendants devised a scheme to defraud Plaintiffs, and further asserts that the enterprise

comprised of the Defendants "engaged in a pattern of racketeering activity in violation of 18

U.S.C. [§] 1343 and 18 U.S.C. [§] 1961 (1), whereby there were among other things, two or

more wire communications in furtherance of the fraudulent schemes."  (Compl. ¶ 80.)  Finally,

the Complaint also alleges that the actions of the Defendants in engaging in fraudulent conduct

and causing the constructive termination of the Employee Plaintiffs have constituted intentional and negligent infliction of emotional distress upon the Plaintiffs.

The Moving Defendants seek to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  The Complaint invokes this Court's jurisdiction by virtue of diversity of citizenship under 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331.  The Moving Defendants assert that diversity jurisdiction is lacking because the Complaint itself demonstrates that there are several plaintiffs and several defendants who are residents of New Jersey, and thus Plaintiffs have not demonstrated complete diversity.  The Moving Defendants assert that federal question jurisdiction is also lacking because Plaintiffs have failed to allege a valid federal claim under RICO.

The Moving Defendants also assert various other arguments seeking dismissal of Plaintiffs' state-law claims.  Because the resolution of this motion rests on the insufficiency of Plaintiffs' federal RICO claims, this Court need not reach the Moving Defendants' remaining arguments regarding the deficiencies in Plaintiffs' state-law claims.

*Analysis*

**I.     This Court Lacks Diversity Jurisdiction over this Action**

The Complaint invokes the jurisdiction of this Court under the diversity statute, 28 U.S.C. § 1332.  To meet the jurisdictional requirements of the federal court in a diversity action, the diversity must be complete; no plaintiff can be a citizen of the same state as any of the defendants.  Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., Inc., 316 F.3d 408, 410 (3d Cir. 2003).

The Moving Defendants have asserted that diversity jurisdiction is lacking because several plaintiffs and several defendants are alleged to be citizens of New Jersey. The Complaint acknowledges that plaintiffs Craig and Jeffrey Goodman are residents of New Jersey, and further indicates that various Defendant business entities "conduct business" in New Jersey.[1] Significantly, Plaintiffs have offered no response to the Moving Defendants' arguments challenging the existence of diversity jurisdiction. This Court finds that Plaintiffs have not established a basis for diversity jurisdiction, and therefore this action may only remain in federal court if Plaintiffs can demonstrate an alternative basis for federal jurisdiction.

## II.    This Court's Federal Question Jurisdiction Is Based upon Plaintiffs' RICO Claims

Plaintiffs have also alleged federal question jurisdiction under 28 U.S.C. § 1331. The only claims in the Complaint which are based upon federal law are those pleaded in the Seventh Count of the Complaint, which states RICO claims under 18 U.S.C. §§ 1962(a), (b) (c) and (d). (Compl. ¶¶ 73-90). The remaining claims apparently arise under New Jersey state law.[2] This

---

[1] The Complaint does not identify the state of incorporation or "principal place of business" for any of the business corporations named. See 28 U.S.C. § 1332(c)(1) (stating that, for diversity purposes, corporation is citizen of state of incorporation and state of principal place of business). The Complaint merely indicates that various defendant business entities "conduct business" at New Jersey locations. (Compl. ¶¶ 6-8.) This Court has interpreted this language as an attempt to plead the "principal place of business" of the defendant entities named. Nevertheless, even if the Court's interpretation of the Complaint's language is incorrect, the result is the same, as Plaintiffs, the parties seeking to establish federal jurisdiction, bear the burden of pleading facts sufficient to support a finding of diverse citizenship. Lang v. Windsor Mount Joy Mut. Ins. Co., 487 F. Supp. 1303, 1305, (E.D. Pa.), aff'd, 636 F.2d 1209 (3d Cir. 1980). Under any analysis, Plaintiffs have failed to plead a valid basis for diversity jurisdiction.

[2] This Court could only have jurisdiction over such state-law claims by virtue of pendent jurisdiction, exercise of which is dependent on a finding that this Court has federal question jurisdiction over Plaintiffs' RICO claim. See Ambromovage v. United Mine Workers of America, 726 F.2d 972, 989 n.48 (3d Cir. 1984) ("'Pendent jurisdiction' generally refers to a federal court's jurisdiction over the plaintiffs' nonfederal claims, as long as there is a federal

Court's jurisdiction over this action therefore depends upon the viability of Plaintiffs' RICO

claims.  The Moving Defendants seek dismissal of Plaintiffs' RICO claims for failure to state

claims upon which relief may be granted, under Federal Rule of Civil Procedure 12(b)(6).[3]  Thus,

in order to determine whether this Court has jurisdiction over this matter, this Court must rule

upon the sufficiency of Plaintiffs' RICO claims.

>    **A.      Standard for Motion to Dismiss Under Rule 12(b)(6)**

A court may dismiss a complaint for failure to state a claim where it appears beyond

doubt that no relief could be granted under any set of facts which could be proved consistent with

the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S.

41, 45-46 (1957).  When considering a motion to dismiss under Rule 12(b)(6), the reviewing

court must construe the complaint liberally: the court must accept as true all well-pleaded

allegations in the complaint and view them in the light most favorable to the plaintiff.  Univ. of

Md. v. Peat, Marwick, Main & Co., 996 F.2d 1534, 1537-38 (3d Cir. 1993).  The issue is not

whether a plaintiff will ultimately prevail, but whether he or she is entitled to offer evidence to

support the claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Oatway v. Am. Int'l Group,

Inc., 325 F.3d 184, 187 (3d Cir. 2003).  A plaintiff is not required to plead evidence, nor is it

necessary to plead the facts that serve as the basis for the claim.  Bogosian v. Gulf Oil Corp., 561

F.2d 434, 446 (3d Cir. 1977).  A "complaint will be deemed to have alleged sufficient facts if it

_____

claim which gives the court jurisdiction.")

[3]  Because this Court concludes below that Plaintiffs' RICO claims are subject to
dismissal under Rule 12(b)(6), this Court need not determine whether this Court may exercise
pendent jurisdiction over the state-law claims in the Complaint.

adequately puts the defendants on notice of the essential elements of the plaintiffs' cause of action."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

> **B.      Plaintiffs' RICO Claims Are Subject to Dismissal for Failure to Plead Predicate Acts of Wire Fraud with Specificity**

The RICO statute makes it unlawful for any person employed by or associated with any enterprise engaged in interstate trade or commerce to conduct or participate, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.  18 U.S.C. § 1962(c).  It is also unlawful for anyone to conspire to violate Section 1962(c).  See 18 U.S.C. § 1962(d).  Under Section 1962(a), it is illegal to use or invest income derived "from a pattern of racketeering activity" to acquire an interest in or to operate an enterprise engaged in interstate commerce.  18 U.S.C. § 1962(a).  Furthermore, under Section 1962(b) it is unlawful "for any person, through a pattern of racketeering activity or through collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1962(b).

In order to establish a basic RICO violation under Section 1962(c), the plaintiff must plead that the defendants "(1) conducted (2) an enterprise through (3) a pattern (4) of racketeering activity."  Sedima S.P.L.R. v. Imrex Co., 473 U.S. 479, 497-98 (1985); Casper v. PaineWebber Group, Inc., 787 F. Supp. 1480, 1504 (D.N.J. 1992) (same).  Common to all of the RICO violations alleged by Plaintiffs are the required elements of a "pattern" of "racketeering activity."  See 18 U.S.C. §§ 1962(a)-(d).  The Moving Defendants assert that Plaintiffs' RICO

claims fail because Plaintiffs have not identified any acts taken by the alleged "enterprise" in

furtherance of a "pattern of racketeering activity."

The Moving Defendants correctly note that the RICO statute establishes an exclusive list

of activities that qualify as "racketeering activities." See 18 U.S.C. § 1961(1).  The Moving

Defendants assert that Plaintiffs have not pleaded any activities from the exclusive list.

According to the Moving Defendants, Plaintiffs' pleading provides, at best, a "vague reference to

some kind of fraud."  (Defs.' Reply Br. Supp. Mot. Dismiss 4.)  Contrary to the Moving

Defendants' assertions, however, Plaintiffs have indeed made allegations, albeit conclusory ones,

that the Defendants have committed activities from the exclusive list, namely acts of wire fraud

in violation of 18 U.S.C. § 1343.   Specifically, Plaintiffs allege that:

> In order to further and/or accomplish these schemes, the enterprise has engaged in a
> pattern of racketeering activity in violation of 18 U.S.C. [§] 1343 and 18 U.S.C.
> [§] 1961 (1), whereby there were among other things, two or more wire
> communications in furtherance of the fraudulent scheme.

(Compl. ¶ 80.)

Although Plaintiffs have alleged acts within the list of racketeering activities, Plaintiffs'

pleading is nevertheless flawed because Plaintiffs have failed to provide any detail to support

their allegations of wire fraud.  Where plaintiffs rely on mail or wire fraud as a basis for a RICO

violation, "the allegations of fraud must comply with Federal Rule of Civil Procedure 9(b),

which requires that allegations of fraud be pled with specificity." Lum v. Bank of Am., 361 F.3d

217, 223 (3d Cir. 2004).  As noted by the Third Circuit in Lum:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the
> circumstances of the alleged fraud in order to place the defendants on notice of the
> precise misconduct with which they are charged, and to safeguard defendants against
> spurious charges of immoral and fraudulent behavior."  Plaintiffs may satisfy this

> requirement by pleading the "date, place or time" of the fraud, or through alternative
> means of injecting precision and some measure of substantiation into their allegations
> of fraud." Plaintiffs also must allege who made a misrepresentation to whom and the
> general content of the misrepresentation.

Lum, 361 F.3d at 223-24 (citations omitted). Plaintiffs have failed to identify the alleged wire

communications by date, time, identity of the person sending or receiving the alleged

communications, or substance of the alleged communications. Plaintiffs have thus failed to

plead the RICO predicate acts of wire fraud with the specificity required by Rule 9(b), and as a

result, Plaintiffs' RICO claims fail as a matter of law.

Because Plaintiffs' RICO claims lack specificity, this Court will grant the Moving

Defendants' motion to dismiss the Complaint. However, the Third Circuit requires a court to

grant leave to amend before dismissing a complaint that is merely deficient. See Weston v.

Pennsylvania, 251 F.3d 420, 428 (3d Cir. 2001); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir.

2000). Accordingly, this Court will grant Plaintiffs thirty (30) days from the date of entry of this

Opinion to file an amended pleading.

### *Conclusion*

For the foregoing reasons, Defendants' motion to dismiss the Complaint is hereby

granted. Plaintiffs shall have thirty (30) days from the entry of this Opinion to submit an

amended pleading.

Date: March 27, 2006

S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.