UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
NORMAN GOODMAN, et al.,             :
                                    :
        Plaintiffs,                 :
                                    :   Civil Action No. 04-3869 (JAG)
        v.                          :
                                    :   **OPINION**
SIMON GOODMAN, et al.,              :
                                    :
        Defendants.                 :
_____:

**GREENAWAY, JR., U.S.D.J.**

      This matter comes before this Court on (1) the motion to dismiss (Docket Entry No. 19), filed by defendants David Goodman, Norman Goldberg, Tri State Steel Drum Company, Inc., Goodman Containers, LLC, Recycle East, Inc., and Jeffrey Bey (collectively, "Moving Defendants"); (2) the cross-motion to voluntarily dismiss (Docket Entry No. 23), filed by plaintiffs, Norman Goodman, Craig Goodman, Jeffrey Goodman, and Irwin Tartus (collectively, "Plaintiffs"); and (3) the motion for sanctions (Docket Entry No. 22) filed by Moving Defendants. For the reasons set forth below, this Court will grant the cross-motion to voluntarily dismiss, deny the motion to dismiss, and deny the motion for sanctions.

      This case began on August 13, 2004, with the filing of a complaint by Plaintiffs' original counsel. On March 27, 2006, this Court granted Moving Defendants' original motion to dismiss, explaining that the complaint failed to establish diversity jurisdiction and failed to allege the elements of a Racketeer Influenced and Corrupt Organization Act ("RICO") claim, pursuant to

1

18 U.S.C. §1961. This Court declined to exercise supplemental jurisdiction over the remaining claims, all of which were based on state law causes of action. Plaintiffs' original counsel filed an amended complaint within 30 days, as allowed by this Court. Less than a month later, Plaintiffs retained new counsel. On June 16, 2006, Moving Defendants filed a motion to dismiss the amended complaint. On June 29, 2006, Plaintiffs' new counsel filed a notice of voluntary dismissal, pursuant to FED. R. CIV. P. 41(a)(1).[1] On that same day, Moving Defendants filed an opposition to the voluntary dismissal, along with a separate motion for sanctions, pursuant to FED. R. CIV. P. 11(c). On July 12, 2006, Plaintiffs' counsel filed what is captioned as a "Cross-Motion for Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(2)," but in fact is a renewal of the original notice of voluntary dismissal, pursuant to FED. R. CIV. P. 41(a)(1), with the addition of an alternative request for voluntary dismissal, pursuant to FED. R. CIV. P. 41(a)(2), and an opposition to the motion for sanctions.[2]

Voluntary Dismissal

As the Third Circuit has observed, "Rule 41(a)(1) allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." Manze v. State Farm Ins., 817 F.2d 1062, 1065 (3d Cir. 1987). "[O]nly an answer or a summary judgment motion can

---

[1] FED. R. CIV. P. 41(a)(1) provides in relevant part that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of motion for summary judgment, whichever first occurs."

[2] Both Plaintiffs' new counsel and Moving Defendants' counsel have attached to their pleadings regarding the request for Rule 11 sanctions various letters they sent to each other in early June 2006 regarding the status of this case, as well as the issues involved in the case. Since these documents relate to the motion for sanctions, and not to the motion to dismiss, consideration of them will not convert the motion to dismiss to a motion for summary judgment, pursuant to FED. R. CIV. P. 12(b).

extinguish a plaintiff's right to dismiss the complaint without prejudice." Id. at 1066. "In light of the plain language of Rule 41(a)(1), [the defendant] cannot complain that the plaintiff exercised her prerogative under the rule when [the defendant] could have prevented voluntary dismissal simply by answering the complaint." Id. Essentially, "[t]he district court has no power to impose terms and conditions if a plaintiff properly dismisses by notice under Rule 41(a)(1)." 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2366.

Since no defendant has filed either an answer or a motion for summary judgment, Plaintiffs' notice of voluntary dismissal, pursuant to FED. R. CIV. P. 41(a)(1), was self-executing and required no further action by this Court to take effect. Accordingly, the Amended Complaint is dismissed as to Moving Defendants and Ivan Mortman.

Sanctions

Moving Defendants urge this Court to impose sanctions against Plaintiffs, pursuant to FED. R. CIV. P. 11.[3] The conduct that Moving Defendants find offensive appears to be that

---

[3] FED. R. CIV. P. 11(b) provides, in relevant part, that:

By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

"Plaintiffs refilled [sic] a second Complaint and now seek to voluntarily dismiss the Complaint without prejudice in order to avoid sanctions, but only after Defendants were forced to file a second Motion to Dismiss." (Defs.' Mem. of Law Seeking an Order Imposing Sanctions Pursuant to FED. R. CIV. P. 11 (hereinafter "Rule 11 Mem.") 4 (emphasis in original).)

Rule 11 "requires a reasonable inquiry into both the facts and the law supporting a particular pleading. . . . [The] proper analysis should focus on the circumstances that existed at the time counsel filed the challenged paper." Schering Corp. v. Vitarine Pharmaceuticals, Inc., 889 F.2d 490, 496 (3d Cir. 1989). That is, "the Rule 11 test 'is now an objective one of reasonableness' and seeks to discourage pleadings 'without factual foundation, even though the paper was not filed in subjective bad faith.' Rule 11 also seeks to ensure a pleading is not used for 'an improper purpose, such as to cause harassment, undue delay, or needless increase in litigation expense.'" Lony v. E.I. Du Pont De Nemours & Co., 935 F.2d 604, 616 (3d Cir. 1991) (quoting Lieb v. Topstone Indus., 788 F.2d 151, 157 (3d Cir. 1986)). "Generally, sanctions are prescribed 'only in the 'exceptional circumstance' where a claim or motion is patently unmeritous [sic] or frivolous.'" Ford Motor Co. v. Summit Motor Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991) (quoting Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)).

At the outset, this Court notes that, in the order dismissing the original complaint, this Court expressly granted Plaintiffs 30 days to file an amended complaint. As a result, Plaintiffs filed an amended complaint, pursuant to this Court's authorization. This filing could not, in and of itself, be a basis for sanctions.

Before it can impose sanctions, this Court must find that the amended complaint was not

4

objectively reasonable or was filed for an improper purpose. Nothing in the record demonstrates that the filing of the amended complaint was unreasonable at the time it was filed. Further, there is no indication, other than Moving Defendants' bald assertions, that the amended complaint was filed for an improper purpose.

Here, an investigation by new counsel prompted Plaintiffs to voluntarily dismiss the complaint as to some defendants. This dismissal does not demonstrate that the claims made in the amended complaint were unreasonable at the time the amended complaint was filed. The filing is not a sufficient basis for the imposition of Rule 11 sanctions.

As Moving Defendants argue (Rule 11 Mem. 2, 4) in the amended complaint, Plaintiffs incorrectly pled diversity jurisdiction for a second time. In fact, it appears that the jurisdictional allegations are identical in the original complaint and the amended complaint. (Compare Compl. ¶10 with First Am. Compl. ¶10.) While this paragraph repeats an error from the original complaint, this Court cannot agree with Moving Defendants' claim that the suit is therefore "frivolous and vexatious." (Rule 11 Mem. 2.) Rather, it appears that Plaintiffs' counsel simply made a mistake in this paragraph. This conclusion is supported by the reference to "27 U.S.C. 1331," an obvious typographical error, repeated in paragraph 10 of both the original and amended complaints. While this Court does not condone inaccuracies, typographical errors, or other shortcomings in the papers presented to it, neither does this Court believe that these mistakes require that counsel be sanctioned, pursuant to FED. R. CIV. P. 11.[4]

---

[4] If this Court concluded that all inadvertent errors or simple mistakes justified the imposition of sanctions, then Moving Defendants' counsel would also be subject to sanctions in light of their improper Bluebook format (Rule 11 Mem. 6) or their misunderstanding of the difference between motions to dismiss and motions for summary judgment (Rule 11 Mem. 5).

Moving Defendants also allege that "[t]he RICO counts [in the amended complaint] were baseless [and] there was no contractual relationship between Plaintiffs and the moving defendants and the statute of limitations had expired." (Rule 11 Mem. 5.) Without engaging in a full-fledged analysis of the RICO counts in the amended complaint, this Court notes that the amended complaint includes significantly more detailed allegations in support of the RICO counts than did the original complaint. (<u>Compare</u> Compl. ¶¶ 73-90 <u>with</u> Am. Comp. ¶¶ 75-106.) In addition, Plaintiffs attach several exhibits to the amended complaint in support of their RICO claim. The exhibits, along with the additional details, appear to respond to this Court's finding of a lack of specificity in the original complaint.

Further, Plaintiffs alleged that acts made in furtherance of the alleged conspiracy occurred in 2002. (Am. Compl. ¶ 98.) The complaint was filed in 2004, well within the four year statute of limitations Moving Defendants cite.

As to the contract claims, the amended complaint alleges that a complex series of transactions occurred between January 1, 1993 and some time after 1997. These transactions involved the sales of various business entities, some of which were owned by Plaintiffs and sold to some of the defendants, and then resold to other defendants. (Am. Compl. ¶¶ 13, 14, 33, 38, 39.) Based on the complex nature of these transactions, and the lack of any addenda to the amended complaint or motions containing the legally operative documents governing the series of transactions, this Court cannot say that the filing of the amended complaint was objectively unreasonable at the time it was filed. The filing of the amended complaint is not a basis for imposing Rule 11 sanctions, as a result.

Moving Defendants also argue that "[c]ounsel's Voluntary Dismissal without prejudice

filed after Plaintiffs' deadline to oppose the Motion to Dismiss is a meaningless document and is void under Federal Rule 41." (Rule 11 Mem. 5.) As discussed above, this statement is plainly wrong.[5] In fact, if Moving Defendants were anxious to prevent Plaintiffs from voluntarily dismissing the amended complaint, all they needed to do was file an answer. See Manze, 817 F.2d at 1066.

Since it appears that the filing of the amended complaint and the notice of voluntary dismissal was reasonable at the time of filing, and that these pleadings were not filed for an improper purpose, this Court will not impose sanctions, pursuant to FED. R. CIV. P. 11.

Conclusion

For the reasons stated above, Plaintiffs' cross-motion to voluntarily dismiss will be granted, thus making Moving Defendants' motion to dismiss moot. Additionally, Moving Defendants' motion for sanctions will be denied.


Dated: March 6, 2007


       S/Joseph A. Greenaway, Jr.
      JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[5] In light of the completely baseless legal arguments made by Moving Defendants' counsel with respect to the motion for voluntary dismissal, this Court could easily consider the Rule 11 Memorandum to be frivolous and vexatious itself.